CARMEN PARADÍS ET AL., Plaintiffs and Appellants, *v.* ANTONIO FERNÁNDEZ PÉREZ ET UX., Defendants and Appellees.

No. 5739. Argued January 19, 1933.—Decided July 26, 1934.

*R. Rivera Zayas* and *R. Díaz Cintrón* for appellants.   *L. Longchamps* for appellées.

Mr. Justice Aldrey delivered the opinion of the Court.

Carmen Paradís and her husband Vidal Vélez took this appeal from the judgment dismissing their complaint by which they requested that the District Court of Humacao declare null the summary foreclosure proceeding No. 13537 brought in said court against them by Antonio Fernández Pérez.

By a public deed executed on June 28, 1927, the spouses Carmen Paradís and Vidal Vélez acknowledged that they owed Antonio Fernández Pérez the sum of $500 which they agreed to return in six months, that is, on December 28, 1927, and to pay interests at the rate of 1% monthly. To secure said debt they created a mortgage on a lot belonging to them located in Caguas in favor of their creditor for the $500 owed, for $100 interests and for $200 for costs, expenses and attorney's fees in case of foreclosure.

On August 30, 1928, Antonio Fernández Pérez brought a foreclosure proceeding in the District Court of Humacao against said debtors to recover $500 capital, $20 interests due and unpaid corresponding to the months of April, May, June and July and those maturing thereafter and $200 for costs

and attorney's fees. In said proceeding the mortgaged lot was sold at public auction, and was adjudicated to the creditor for the sum of $400 as there were no bidders at the auction.

In order to pay to the creditor the sum of $339 as balance of his credit the court issued an order, at the instance of the creditor, for the marshal to attach and sell other property of said spouses and consequently, the marshal attached and sold at public auction a second mortgage credit for $1,500 reached to $1,419, on a lot and house, previously mortgaged for $2,500. Said mortgage credit which had been constituted by Manuel Carrasquillo was adjudicated to Francisca Carrasquillo bidder at the public sale, for the sum of $400. With this money the debt of Fernández was paid and there was left at balance of $50 which the marshal delivered to Vidal Vélez.

A few months after the facts mentioned Vidal Vélez and his wife filed the complaint which gave rise to the judgment object of this appeal, in which after referring to the mortgage foreclosure proceeding brought against them by Antonio Fernández Pérez and stating that the mortgaged lot adjudicated to the foreclosing creditor was sold by Fernández to a third person who purchased it in good faith, they requested the nullity of said proceeding because the same was begun before the mortgage debt had matured because the time had been extended; because in said proceeding claim was made of interests that had been paid; because the public sale of the lot took place six days before the day mentioned in the notice of sale which was posted to the public in the municipal court of the place where the property is located; and because there was attached and sold at auction in said proceeding a mortgage credit of plaintiffs which was not included in the mortgage in favor of the foreclosing creditor. Their petition was that in view of said nullities a certain sum of money be awarded to them as compensation for the damages they had suffered.

Defendants objected to the claim made by plaintiffs.

The plaintiffs also brought a supplementary complaint against the person who bought the mortgage credit at the public sale, but we will not refer anymore to this complaint because the court rendered judgment for defendant therein and this appeal does not include the same.

After trial the judgment object of this appeal by plaintiffs was rendered. We have not had the benefit of hearing appellees either by brief or verbally.

We have said before that the payment of the $500 was to be made on December 28, 1927, and that the foreclosure proceeding was filed on August 30 of the following year. With respect to the question whether on the latter date the maturity of the debt had been extended the following documentary evidence appears from the record:

"Let it be known that Mr. Vidal Vélez has constituted a mortgage on a property of his in favor of Mr. Antonio Fernández in the amount of $500, and when the same matured the debtor requested and obtained an extension for two months and which will expire on February 28, 1928.—by order of A. Fernández, (sgd.) R. Fernández.—Hato Rey, December 28, 1927.

"Let it be known that Mr. Vidal Vélez has a mortgage constituted on a property of his in the amount of $500 and which has matured, at his request he was granted an extension until April 28 on which date he must pay this debt as we are constructing and in need of the money. Hato Rey, February 28, 1938. (Sgd.) Antonio Fernández.

"Let it be known that Mr. Vidal Vélez has a mortgage due in the amount of $500 in favor of Mr. Antonio Fernández and at his request he is granted an extension which will expire on July 28 of this year on which date it will be canceled. Hato Rey, April 27, 1928.—A. Fernández by (sgd.) Ramón Fernández.

"August 24, 1928. Mr. Vidal Vélez, Wilson Avenue No. 10, Santurce, P. R.—Dear Sir: Mr. Antonio Fernández Pérez has directed me to foreclose the mortgage constituted by you and your wife Mrs. Carmen Paradís Amalbert, by deed No. 273 of June 28, 1927 before the notary, Andrés Mena Latorre, to secure a loan for $500, which is due since December 28, 1927, the interests for the month of April, May, June, July, and the current months being owed.

"By this document I request you to see the undersigned, not more than five days from the date of this letter, to make payment

of the amounts owed to my client plus the collection fees, upon failure of which I will proceed to file the corresponding complaint.

"I take this opportunity to submit myself to your orders.

"Yours truly,
"(sgd.)  L. Longchamps."

"Mr. Longchamps: Mr. Vélez has requested of me an extension of ten or twelve days to pay the mortgage to which I have no objection. Everything further in this case is to be decided between you and the debtor.

"Yours truly,
"(Sgd.)  Antonio Fernández.

August 29, 1928."

There is the following testimony of witnesses: Vidal Vélez declared that when he received said letter from the attorney demanding payment he went immediately to see him; that Fernández gave him the letter for attorney Longchamps on August 29, 1928, and the witness delivered the same on the same day; that Fernández stated that he was willing to consent to the extension of ten or twelve days to receive the interests and for him to see attorney Longchamps and give him three or four dollars as collection fees and pay for the expenses which probably would be three or four dollars more, and for the witness then to give the amount of the interests to renew the mortgage; that Mr. Fernández was willing to grant the extension but that the witness was to see the attorney and pay the expenses. Antonio Fernández testified that he told Vélez to see the attorney for he could not give him an answer because then the attorney would ask: "Who is the attorney?;" that he did not grant Vélez the extension but told him to see the attorney and that he denies having granted the extension. The witness Longchamps testified that on August 30 Vélez gave him the letter from Fernández of the previous day and requested an answer as to the extension referred to in the letter and the witness told him that as the foreclosure proceeding had been filed in the morning of August 30 he could not grant him an

extension without the express consent of his client instructing him to abandon the foreclosure proceeding.

We have transcribed the three extensions because they show by themselves that when Fernández desired to grant an extension he did so clearly and expressly, which did not happen in the letter which on August 29 he wrote to his attorney. In said letter it is not stated, as in the previous documents, that he grants an extension but that what he told his attorney was that the had no objection to the extension requested and that everything further was between the attorney and the debtor. What that document says is that he has no objection to the extension but it does not grant it, and if we add what was said by Vélez in his testimony to the effect that Fernández told him to pay certain sums and to take later to Fernández the amount of the interests for him to extend the maturity of the mortgage, the conclusion is reached that the extension claimed by appellant did not exist, and hence the lower court did not commit the error attributed to it.

The question as to whether in the foreclosure proceeding interests were recovered which had been paid is simpler. It will be sufficient to say that Fernández, the creditor, testified that he had not received them, that the attorney Longchamps testified as a witness that Vidal Vélez did not tell him that he did not owe said interests; and that Vélez did not prove that he had paid them, for the three documents granting extensions which we have transcribed, on which he is based to show that he had paid the interests for the four months claimed in the foreclosure proceeding, say nothing as to the payment of said interests, as they only refer to the extensions granted by them.

On October 30, 1928, the court ordered the public sale of the mortgaged lot and the notice of the same issued by the marshal was published in the newspaper *"La Democracia,"* announcing that it would take place on November 24, 1928. The same day appears mentioned in other notices placed at

various public places but the one placed in the Municipal Court of Caguas states that the public sale would take place on November 30, 1928. The record shows that the marshal of the District Court of Humacao set the 24th day on said month and year for said auction and that on said day the sale of the lot took place. It also appears that in the notice published in the newspaper it is stated that $200 are claimed for interests due whereas in the other notices to the public and in all the papers of the foreclosure proceeding it appears that $20 are claimed as interests.

The errors or mistakes as to the day of the auction in one notice and as to the amount claimed for interests in another among the various notices, placed at different public places, were not committed by the foreclosing creditor in the statement of facts which according to law he had to include in his initial petition to obtain the demand for payment and subsequently the sale at auction of the mortgaged property, but were committed by the marshal in complying with the order of sale for which reason they are not errors of jurisdiction and Fernández the plaintiff is not responsible for them. On the other hand, it was not shown at the trial that said errors prevented the appearance of bidders at the auction held on November 24, 1928, for which fact we do not see any reason to annul the sale made by the marshal on that day of the mortgaged lot. By analogy the case of *Henna et al.* v. *Saurí & Subirá,* 22 P.R.R. 776, in which this Court held that the defect of publishing the notices for less time than is required by law does not annul necessarily the sale, is applicable.

We have only to decide the other ground of nullity that after the sale of the mortgaged property the court, at the instance of the creditor, ordered the attachment and sale of other properties of the debtors, not covered by the mortgage, to pay Fernández the creditor, $339 remaining unpaid after the sale of the mortgaged lot.

That question has been clearly decided by this court. In the case of *Porto Rican Leaf Tobacco Co.* v. *Aldrey,* 13 P.R.R. 228, which was concerned with a summary foreclosure proceeding, this Court said, in the syllabus, that the application of the provisions of Section 1 of the Act of March 9, 1905, relating to judgments and the manner of satisfying them in so far as it permits the sale of other properties belonging to the debtor to satisfy the obligation, or such part thereof as may not have been paid, must be confined to those cases in which judgment has been rendered ordering the payment of the debt in an ordinary action, and it should not be applied in the summary proceedings established by the mortgage law and that it can not have been the intention of the Legislature to authorize the sale of a debtor's property, which has not been expressly mortgaged. In the case of *Santos* v. *Crédito y Ahorro Ponceño,* 41 P.R.R. 934, the initial petition in a foreclosure proceeding claimed certain sums appearing in a public deed but not included in the mortgage, and this Court declared that they could not be recovered in said proceeding. And in the case of *Martorell* v. *Crédito y Ahorro Ponceño,* 42 P.R.R. 632, referring to a summary foreclosure proceeding we declared, according to the syllabus, that whatever sums may be owed by the mortgage debtor to his creditor, they can not properly be included in the mortgage debt for the purpose of foreclosure unless they are secured by the mortgage.

In view of the foregoing we conclude that the summary foreclosure proceeding No. 13537 brought by Antonio Fernández Pérez against Carmen Paradís and her husband, Vidal Vélez in the District Court of Humacao is not null in so far as the sale and adjudication of the mortgaged lot is concerned, but that the order rendered in the same proceeding by virtue of which the marshal sold at auction a mortgage credit in favor of Vidal Vélez and his wife on a property different to that which was the object of the foreclosure proceeding is null and void.

As the lower court did not consider the claim for damages on the ground that all the proceeding in this case was valid, when as a matter of fact part of it was null, we will remand the case to the lower court for a decision as to the damages caused by said nullity. *Martorell* v. *Crédito y Ahorro Ponceño, supra.*

The judgment appealed from must be reversed in so far as it fails to declare null the public sale of the said mortgage credit, remanding the record to the lower court for it to determine the amount of damages, if any, caused by said sale.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented on the ground that the judgment appealed from should be reversed as a whole.